**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573) *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MADISON CAVANAUGH, | : | Civil Action No. |
| 86 Lackawanna Avenue | : | |
| Swoyersville, PA 18704 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| WAL-MART STORES EAST, LP, | : | |
| 276 Veterans Drive | : | |
| Tobyhanna, PA 18466 | : | |
| | : | |
| 702 SW 8th Street | : | |
| Bentonville, AR 72716 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Madison Cavanaugh (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Wal-Mart Stores East, LP (hereinafter "Defendant"), for violations of the Americans with Disability Act 1990 ("ADA"), as amended, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, the Pregnancy Discrimination Act ("PDA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Wal-Mart Stores East, LP is a retail corporation with a location at 276 Veterans Drive, Tobyhanna, PA 18466 and with a corporate headquarters located at 702 S.W. 8th Street, Bentonville, AR 72716.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA, Title VII and the PDA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability, gender and pregnancy discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2022-04446 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated September 2, 2022.  Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On or around January 31, 2022, Defendant hired Plaintiff in the position of Associate.

21. Plaintiff was well qualified for his position and performed well.

22. In or around mid-February 2022, Plaintiff informed Defendant that she was pregnant.

23. Upon notifying the Human Resources Representative of her pregnancy, Plaintiff was directed to contact Sedgewick, third party administrator, regarding accommodations.

24. On March 11, 2022, Plaintiff was examined by Bridget C. Fox, CRNP, who placed her on the medical restrictions of not working more than 40 hours per week and no more than 8 hours per day, no prolonged periods of sitting and standing without a break, hourly restroom breaks, and stooping and bending may be limited after 20 weeks.

25. In addition, Ms. Fox placed Plaintiff on an 18 lbs. restriction for repetitive lifting, pulling and pushing, and a 36 lbs. restriction for infrequent lifting, pulling and pushing.

26. Ms. Fox stated that Plaintiff's repetitive lifting, pulling and pushing weight limit would decrease to 13 lbs. after 20 weeks, and Plaintiff's infrequent lifting, pulling and pushing weight limit would decrease to 26 weeks after 20 weeks.

27. Plaintiff then provided Ms. Fox's note detailing her accommodation requests to Rich Facyson, Jr., Area Manager, and Sedgewick.

28. In response to viewing Plaintiff's request, Mr. Facyson immediately flatly refused to grant her accommodation request without any further inquiry.

29. Strangely, despite Mr. Facyson utter failure to engage in the interactive process, Sedgewick informed Plaintiff that her accommodation request was in fact approved.

30. However, after initially honoring her restrictions for approximately two (2) shifts, Mr. Facyson thereafter failed and refused to accommodate Plaintiff.

31. By way of example, Plaintiff was repeatedly required to lift in excess of her physician ordered weight limitation.

32. In or around late March 2022, Plaintiff again requested that Defendant accommodate her pregnancy by reassigning her to another department.

33. Upon information and belief, Defendant had reassigned disabled employees who required similar accommodations in the past and it would not have been an undue hardship for Defendant to transfer Plaintiff to another department.

34. Notwithstanding same, Defendant failed to grant Plaintiff's request for reasonable accommodation in any way.

35. On or around April 4, 2022, as a result of the continued violation of her physician's orders, Plaintiff experienced severe pain and received treatment at Geisinger Medical Center.

36. On April 5, 9 and 11, 2022, Plaintiff attempted to call Human Resources to complain that Defendant was not providing her with her requested reasonable accommodations, but did not receive an answer.

37. On April 12, 2022, Plaintiff called Defendant's Hiring Department and reported that Defendant was not providing her with her requested accommodations.

38. The Representative informed Plaintiff that Defendant should accommodate her and that he would notify Human Resources of her complaint.

39. On April 15, 2022, Plaintiff called Human Resources and complained that Defendant was not accommodating her and requested to be transferred to a different department.

40. The Human Resources Representative informed Plaintiff that she could not be moved and that Plaintiff had to follow Sedgewick's doctor's medical restriction of no lifting, pushing or pulling 30 lbs. and not the restrictions her healthcare provider placed her on.

41. This did not make sense to Plaintiff as she had been evaluated by her own healthcare provider and not Sedgewick's doctor.

42. On April 16, 2022, based on the intolerable working conditions created by Defendant's repeated failure to engage in the interactive process and failure to accommodate her pregnancy, Plaintiff submitted her two (2) weeks' notice to be effective April 30, 2022.

43. Plaintiff was constructively discharged.

44. It is Plaintiff's position that she was discriminated against due to her pregnancy and gender, denied a reasonable accommodation and retaliated against for requesting a reasonable accommodation in violation of Title VII, the PDA, the ADA and the PHRA.

**COUNT I – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE
AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Title I of the Americans with Disabilities Act ("ADA") prohibits discrimination against qualified individuals "on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112, *et seq.*

47. Defendant is an "employer" within the meaning of the ADA because it is "engaged in an industry affecting commerce [and] has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ."

48. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. § 12102. Gaul

v. AT & T, Inc., 955 F. Supp. 346, 350 (D.N.J. 1997).

49. Plaintiff is able to perform the essential functions of the position with or without reasonable accommodations.

50. At all relevant times, Plaintiff has had physical impairment that substantially limits the types of activities "that are of central importance to daily life."

51. Defendant initially hired Plaintiff but refused to provide her with a reasonable accommodation.

52. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of her disability, a failure to employ because of her disability, a failure to accommodate, and a failure to engage in the interactive process in violation of the ADA.

53. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION/FAILURE TO ACCOMMODATE
## THE PENNSYLVANIA HUMAN RELATIONS ACT

54. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

55. Plaintiff was considered disabled.

56. Plaintiff is a member of a protected class in that she is an individual with a disability.

57. Plaintiff was qualified for the position at issue.

58. Plaintiff was able to perform the essential functions of the job with a reasonable accommodation.

59. Accommodations were available that would have been effective and would not have posed an undue hardship to Defendant.

60. Despite being qualified for the position, Defendant subjected him to adverse employment action(s), including, but not limited to, denying her request for a reasonable accommodation, refusing to engage in the interactive process, and forcing her to terminate her employment.

61. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff because of his disability.

62. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – PREGNANCY DISCRIMINATION
### PREGNANCY DISCRIMINATION ACT

63. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

64. Plaintiff is a member of a protected class in that she is pregnant.

65. Plaintiff was qualified to perform the job for which she was hired.

66. Defendant did not provide Plaintiff with a reasonable accommodation.

67. Defendant forced Plaintiff to terminate her employment.

68. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination

69. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

70. Defendant discriminated against Plaintiff on the basis of her pregnancy.

71. Defendant treated non-pregnant employees better than it treated Plaintiff.

72. Defendant has no legitimate non-discriminatory reason for its actions.

73. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – PREGNANCY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

74. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

75. Plaintiff is a member of a protected class in that she is pregnant.

76. Plaintiff was qualified to perform the job for which she was hired.

77. Defendant did not provide Plaintiff with a reasonable accommodation.

78. Defendant forced Plaintiff to terminate her employment.

79. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

80. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

81. Defendant discriminated against Plaintiff on the basis of her pregnancy.

82. Defendant treated non-pregnant employees better than it treated Plaintiff.

83. Defendant has no legitimate non-discriminatory reason for its actions.

84. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT V – GENDER DISCRIMINATION
### TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

85. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

86. Plaintiff is a member of protected classes in that she is female.

87. Plaintiff was qualified to perform the job.

88. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

89. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

90. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

91. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

92. Defendant constructively discharged Plaintiff.

93. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VI – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. Plaintiff is a member of protected classes in that she is female.

96. Plaintiff was qualified to perform the job.

97. Similarly situated persons outside of Plaintiff's protected classes were treated more

favorably than Plaintiff.

98. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

99. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

100. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

101. Defendant constructively discharged Plaintiff.

102. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VII – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

103. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

104. Plaintiff engaged in activity protected by ADA when she requested reasonable accommodations.

105. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

106. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – RETALIATION
## PREGNANCY DISCRIMINATION ACT/TITLE VII OF THE CIVIL RIGHTS ACT

107. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

108. Plaintiff engaged in activity protected by PDA/Title VII when she requested reasonable accommodations due to her pregnancy.

109. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

110. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IX – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

111. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

112. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations due to her pregnancy.

113. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

114. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Madison Cavanaugh, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA, PDA, Title VII and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                                        RESPECTFULLY SUBMITTED,

                                        KOLLER LAW, LLC

Date: December 1, 2022        **By:**  */s/ David M. Koller*
                                                  David M. Koller, Esquire (90119)
                                                  Jordan D. Santo, Esquire (320573)
                                                  2043 Locust Street, Suite 1B
                                                  Philadelphia, PA 19103
                                                  215-545-8917
                                                  davidk@kollerlawfirm.com
                                                  jordans@kollerlawfirm.com

                                                  *Counsel for Plaintiff*